## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| JAMES E. MORROW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )      No. 2:22-cv-02125-MSN-tmp |
| v. | ) |
| | ) |
| KEVIN GENOVESE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**ORDER DENYING MOTION TO COMPEL RESPONDENT TO FILE AN AMENDED
ANSWER (ECF NOS. 34 & 36);
DENYING MOTION TO HOLD SUMMARY JUDGMENT MOTION IN ABEYANCE
(ECF NO. 35);
DENYING FIRST SUMMARY JUDGMENT MOTION (ECF NO. 31); AND
GRANTING SECOND SUMMARY JUDGMENT MOTION IN PART AND DENYING
SECOND SUMMARY JUDGMENT MOTION IN PART (ECF NOS. 32 & 33)**

On February 28, 2022, Petitioner James E. Morrow, Tennessee Department of Correction

("TDOC") register number 296239, who is confined at the Northwest Correctional Facility

("NWCX") in Tiptonville, Tennessee[1], filed a Petition under 28 U.S.C. § 2254 for a writ of habeas

corpus by a person in state custody ("the § 2254 Petition"). (ECF No. 1.) Before the Court are:

(1) Petitioner's first motion for summary judgment (ECF No. 31 ("First MSJ")[2]); (2) Petitioner's

---

[1] *See* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction Felony
Offender Information website) (last accessed Dec. 21, 2023).

[2] Petitioner styles his March 27, 2023 filing as his "Second Motion For Summary
Judgment." (ECF No. 31 at PageID 3270.) He seems to have inadvertently referred to ECF No.
31 as his "second" such motion. When he filed ECF No. 31, he had not previously filed any
summary judgment motions. ECF No. 32 seeks leave to amend the First MSJ. (ECF No. 32 at

second motion for summary judgment and request for permission to exceed page limit (ECF Nos. 32 & 33 ("Second MSJ")); (3) Petitioner's motion for an order directing Respondent to file an amended answer to Claim II of the § 2254 Petition (ECF Nos. 34 & 36 ("Motion For Amended Answer")); and (4) Petitioner's motion for the MSJ to be placed in abeyance (ECF No. 35 ("Abeyance Motion")).

For the following reasons: (1) the Motion For Amended Answer (ECF Nos. 34 & 36) is **DENIED**; (2) the Abeyance Motion (ECF No. 35) is **DENIED** as moot; (3) the First MSJ (ECF No. 31) is **DENIED** as moot because Petitioner wishes to replace that motion with the Second MSJ (*see* ECF No. 33 at PageID 3317); (4) the Second MSJ is **GRANTED** to the extent Petitioner seeks to substitute the Second MSJ for the First MSJ (*see id*.); and (5) the Second MSJ (ECF Nos. 32 & 33) is **DENIED** to the extent Petitioner seeks (a) judgment in his favor as a matter of law and (b) permission to exceed Local Rule 56.1's page limit for summary judgment motions.

## THE MOTION FOR AMENDED ANSWER AND THE ABEYANCE MOTION

The § 2254 Petition raises two claims:

(1) Petitioner contends that he received ineffective assistance of trial counsel due to counsel's alleged:

    (a) "erroneous advice to waive rights to [a] jury trial";

    (b) "failure to notice[,] object to[,] or appeal from [the] trial court's failure to inquire into [Petitioner's] reasons for seeking substitution of counsel";

    (c) "failure to notice, object to, or appeal from trial court's failure to appoint new counsel to argue [Petitioner's] motion for new trial";

    (d) "failure to utilize [Petitioner's] medical records at trial"; and

    (e) "failure to follow through on promises made during opening statement";

---

PageID 3313.)  Therefore, the Court construes: (a) ECF No. 31 as Petitioner's First Motion For Summary Judgment; and (b) ECF Nos. 32 and 33 as his Second Motion For Summary Judgment.

and

(2) Petitioner argues that the post-conviction court denied him due process by:

    (a) "refus[ing] to allow [Petitioner] to make closing statements";

    (b) prohibiting Petitioner's "due process rights to subpoena witnesses to testify at the post-conviction hearing, present evidence, rebut prior testimony, make offer of proof, and make closing argument at the [post-conviction] hearing."

(ECF No. 1-1 at PageID 42-43.)  On March 1, 2022, the Court ordered Respondent to answer the § 2254 Petition.  (ECF No. 4.)

On April 14, 2022, Petitioner filed an Amended Petition For Habeas Corpus Relief.  (ECF No. 12 at PageID 91 (alleging the additional claim of "whether [the] trial court's order forcing attorney to continue her representation of Morrow over counsel's objection based on conflict of interest require[s] automatic reversal").)  On May 9, 2022, Petitioner asked the Court to allow the Amended Petition as a matter of course under Fed. R. Civ. P. 15.  (ECF No. 15.)  Given that Respondent had not yet filed an answer to the § 2254 Petition, the Court allowed Petitioner's amendment as a matter of course.  (ECF No. 29.)  On June 27, 2022, Respondent filed his answer to the § 2254 Petition.  (ECF No. 23 ("Response").)  In the Response, Respondent addressed the claims in the § 2254 Petition (*see* ECF No. 23 at PageID 3188–97 & 3198–99) and in the Amended Petition (*see id*. at PageID 3197–98).  On September 22, 2022, Petitioner filed his reply to the Response (ECF No. 28 ("Reply")), which the Court deemed timely filed.  (ECF No. 29 at PageID 3263.)  With the filing of the Reply, Petitioner had fully briefed the claims in his § 2254 Petition.

In the Motion For Amended Answer, Petitioner contends that Respondent "did not file an answer to the [following] claim II":

Whether trial counsel's failure to notice[,] object to[,] or appeal from trial court's failure to inquire into the Petitioner's reasons for seeking substitution of counsel, or to put on proof to show that good cause existed to warrant substitution of counsel,

violated Morrow's state and federal due process right to the effective assistance of counsel and his right to counsel of choice.

(ECF No. 34 at PageID 3404–05 (referred to as the "IAC-Substitution Claim").)

Petitioner's argument in the Motion For Amended Answer – *i.e.*, that the Response does not address the IAC-Substitution Claim – is misplaced.   Respondent <u>did</u> answer the IAC-Substitution Claim in the Response.   Specifically, the Response contends that:

> The state court made a reasonable decision when it concluded Petitioner was not entitled to relief for ineffective assistance of trial counsel.   On post-conviction appeal, Petitioner argued that trial counsel provided ineffective assistance of counsel by: (A) inducing him to waive his right to a jury trial; (B) failing to appeal or argue the denial of his motion to substitute counsel; (C) *failing to object to, or appeal the trial court's decision not to appoint new counsel to argue [h]is pro se motion for a new trial*; (D) failing to introduce his medical records; and (E) failing to follow through on promises made during opening statements about lay witnesses and medical records.   *Petitioner raises the same claims in his federal habeas corpus petition*.
>
> ***
>
> In Ground II and Ground III, *Petitioner claims that trial counsel should have appealed the denial of his motion to substitute counsel and that trial counsel should have objected to the court[']s failure to appoint new counsel to argue his pro se motion for new trial* … The CCA [Court of Criminal Appeals] denied relief on this issue because Petitioner failed to show deficiency since the appeal would have failed due to the wide discretion of the trial court.   *This decision was reasonable*.   Counsel is not required to appeal meritless issues.

(ECF No. 23 at PageID 3188 & 3191–94 (emphasis added).)

Because Respondent has, in fact, directly addressed the IAC-Substitution Claim in the Response, Petitioner's Motion For Amended Answer (ECF Nos. 34 & 36) is **DENIED** as moot.

In the Abeyance Motion, Petitioner "request[s] [t]hat his Motion For Summary Judgment be placed in abeyance until his [Motion For Amended Answer] be ruled on by the Court."  (ECF No. 35 at PageID 3410.)  He contends, without explanation, that "the results of [the Motion For Amended Answer] will [a]ffect the outcome of Petitioner's Motion For Summary Judgment."  (*Id*.)

4

Because the instant Order considers—and denies—the Motion For Amended Answer, Petitioner's Abeyance Motion (ECF No. 35) is **DENIED** as moot.

**THE MSJ MOTIONS**

**I.      The Second MSJ**

The Second MSJ seeks: (1) to amend the First MSJ; (2) to substitute the Second MSJ for the First MSJ; and (3) to exceed Local Rule 56.1's twenty-page limit for summary judgment motions.  (ECF No. 32 at PageID 3313; ECF No. 33 at PageID 3316–17.)  Respondent has not filed a response in opposition to the Second MSJ, and the time for doing so has expired.  *See* Local Rule 56.1(b).

**A.      The Second MSJ's Requests To Amend The First MSJ And To Substitute For The First MSJ**

To the extent the Second MSJ seeks to amend the First MSJ and to substitute for the First MSJ[3], the Second MSJ (ECF Nos. 32 & 33) is **GRANTED**.  The First MSJ (ECF Nos. 31) is **DENIED** in its entirety as moot.

**B.      The Second MSJ's Request For Relief Through Summary Judgment Practice In Lieu Of The § 2254 Petition**

Petitioner seeks "summary judgment based on the record which shows that there are genuine indisputable material facts on the record show[ing] that he received ineffective assistance of counsel at trial and at the Motion For New Trial Hearing, *as argued in Morrow's initial pleadings* [*i.e.*, the § 2254 Petition]." (ECF No. 33 at PageID 3391 (emphasis added).)  The Second MSJ rehashes the claims in the § 2254 Petition.  (*See*, *e.g.*, *id.* at PageID 3342 (re-alleging the

---

[3]  The principal difference between the forty-one page First MSJ and the eighty-seven page Second MSJ seems to be that Petitioner inserts blank sections in the Second MSJ for the Respondent to address Petitioner's proposed statement of material facts.  (*See* ECF No. 33 at PageID 33–22; *cf.* ECF No. 31 at PageID 3271–3309.)

IAC-Substitution Claim); *id.* at PageID 3363 ("request[ing] that this Honorable Court's ruling reflect his belief that trial counsel's erroneous advice to waive his rights to a jury trial violated his rights to the effective assistance of counsel"); *id.* at PageID 3364 ("Morrow requests summary judgment because the [l]ower courts['] decisions (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clear[ly] established Federal law, and (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings"); and *id.* at PageID 3366 (re-alleging "Issue IV: Whether trial counsel's failure to utilize Morrow's medical records and witnesses promised in her opening statement at trial violated Morrow's state and federal due process right to counsel and the effective assistance of counsel").

That the Second MSJ merely repeats the claims in the § 2254 Petition is unsurprising. When Petitioner filed his Reply on September 22, 2022, he had already fully briefed the claims in his § 2254 Petition. That is, there is not much more Petitioner could have said in the Second MSJ, unless he endeavored to raise new claims that are likely time-barred. It is not apparent from the face of the Second MSJ that he is trying to raise new claims under § 2254.

More importantly though, Petitioner's effort to circumvent the Court's review of the § 2254 Petition pursuant to the Rules Governing § 2254 Habeas Cases—*i.e.*, by seeking instead to invoke summary judgment procedure via the Second MSJ—is inappropriate. "[M]otions for summary judgment are not appropriate or necessary in the habeas context," *see Teitelbaum v. Turner*, No. 18-3936, 2019 WL 4891169, at *4 (6th Cir. Feb. 13, 2019), because "**Federal Rule of Civil Procedure 56, which requires a court to draw all factual inferences in the nonmovant's favor . . . is inconsistent and incompatible with 28 U.S.C. § 2254(e)(1), which states that 'a determination of a factual issue made by a State court shall be presumed to be correct.'**" *Mendoza v. Pollard*,

No. 20-cv-0847-GPC(RGB), 2021 WL 2588155, at *8 (S.D. Cal. June 24, 2021) (internal citations omitted).  In other words, "the summary judgment rules are generally ill-fitted to habeas cases." *Williams v. Ryan*, No. CV-17-1834-PHX-DWL, 2019 WL 8359120, at *1 (D. Ariz. Nov. 5, 2019) (citing Brian R. Means, *Rule 56*, Federal Habeas Manual § 8:36 (2018) (discussing the practical difficulties of applying summary judgment to habeas cases, particularly involving state prisoners in § 2254 cases)).  This Court has previously explained:

> A motion for summary judgment is not appropriate for evaluating [a habeas petitioner's] various claims.  First, the purpose of a summary judgment motion is to determine whether a case can be disposed of without a trial.  Unlike ordinary civil litigation, habeas petitions are routinely decided without a trial.  Federal courts are able to conduct evidentiary hearings (which differ in many respects from trials) in § 2254 cases only in extremely limited circumstances.  In reviewing a state-court decision under 28 U.S.C. § 2254(d)(1)-(2), a district court ordinarily may consider only the state-court record.  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  A district court may not hold an evidentiary hearing on a claim that was adjudicated on the merits in state court.  *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013).  Thus, the entire premise of a motion for summary judgment — to determine the existence of factual issues that will require a trial — is foreign to a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

*Malone v. Lebo*, No. 2:15-cv-02173-SHL-dkv, 2017 WL 11717921, at *2 (W.D. Tenn. Jan. 31, 2017).  "'A court cannot simultaneously assess all facts in the record in the light most favorable to the nonmovant and accept as true the state court's factual findings based on that same record.'" *Mendoza*, 2021 WL 2588155, at *8 (internal citations omitted).  "For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition.  Thus, motions for summary judgment are inappropriate in federal habeas proceedings." *Wallace v. Shin*, No. CV-21-01180-PHX-DJH, 2022 WL 4292976, at *1 (D. Ariz. Apr. 8, 2022) (internal citation omitted).  *Accord Ziolkowski v. Director, TDCJ-CID*, No. 5:17-cv-50, 2019 WL 4580425, at *1 (E.D. Tex. May 13, 2019) ("A motion for summary judgment is a highly disfavored, if not improper, method of adjudicating a petition for writ of habeas corpus . . . .  The Rules do not

contemplate dispositive motions in habeas actions. As is the case here, such motions would generally be redundant in light of the settled procedures for resolving the merits of a habeas petition. This is especially true where the motion essentially seeks the same relief as that sought in the underlying petition for writ of habeas corpus").

"In sum, a motion for summary judgment is an inappropriate procedural vehicle to achieve the relief requested; however, the pending [§ 2254] habeas corpus [P]etition is not." *See Chase v. Wolcott*, No. 9:21-cv-0473, 2021 WL 5232689, at *3 (N.D.N.Y. Nov. 10, 2021). To the extent the Second MSJ seeks judgment as a matter of law in Petitioner's favor, the Second MSJ (ECF Nos. 32 & 33) is **DENIED**. The Court will issue an order regarding the § 2254 Petition in due course.

### C.      The Second MSJ's Request To Exceed Local Rule 56.1's Page Limit

Given that Petitioner proceeds *pro se*, the Court turns to the Second MSJ's request to exceed Local Rule 56.1's page limit. In the eighty-seven (87) page Second MSJ, Petitioner says that he "is *pro se* and unacquainted with the rules associated with summary judgment. In addition, the record in this case is voluminous." (ECF No. 33 at PageID 3317.) Aside from the inappropriateness of summary judgment procedure for review of Petitioner's claims in this case, *see* Section B *supra*, Petitioner's failure to comply with the requirements of Local Rule 56.1 renders the Second MSJ's merits unreviewable by the Court.

Local Rule 56.1(a) provides:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by *a separate, concise statement of the material facts* as to which the moving party contends there is no genuine issue for trial. *Each fact shall be set forth in a separate, numbered paragraph*. *Each fact shall be supported by specific citation to the record*. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the

record relied upon as evidence of this assertion.

*Memoranda in support of a motion for summary judgment shall not exceed 20 pages without prior Court approval. The separate statement of material facts shall not exceed 10 pages without prior Court approval.*

Local Rule 56.1(a) (emphasis added).

The Second MSJ has fifty-one (51) pages of what Petitioner calls his "Statement of Material Facts Supporting Petitioner's Claim That There Are No Genuine Issues Of Fact To Be Tried" (ECF No. 33 at PageID 3318), his "Undisputable Material Facts" (*id.* at PageID 3326), and his "Objective Facts" (*id.* at PageID 3332). (*See id.* at PageID 3318–22, 3324, 3326–27, 3329, 3332, 3334–35, 3337–38, 3340, 3342, 3344–46, 3348, 3351–53, 3355–56, 3358–60, 3363–64, 3366–67, 3369–70, 3373–74, 3376–77, 3379–80, 3384–85, 3387–88, 3390–91, 3394–95, and 3397–99.) Petitioner does not, however, submit the required statement of undisputed facts in the format required by Local Rule 56.1(a). "Petitioner is not exempt from this requirement merely because he is proceeding *pro se*. Petitioner's failure to comply with [the] Local Rule[s] renders his Motion for [ ] Summary Judgment unreviewable by the Court." *See Curtis v. Boyd*, No. 3:20-cv-0559, 2023 WL 2699973, at *2 (M.D. Tenn. Mar. 29, 2023).

To the extent the Second MSJ seeks permission to exceed Local Rule 56.1's page limit, the Second MSJ (ECF Nos. 32 & 33) is **DENIED**.

**IT IS SO ORDERED**, this 26th day of December, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE